HAWAYECK, DEMANDANTE Y APELADO, *v.* EL-KOURY, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios.

No. 2289.—Resuelto en marzo 31, 1921.

CONTRATO—RESCISIÓN—DAÑOS Y PERJUICIOS.—Cuando el demandado ha dejado de cumplir su contrato y la sentencia de la corte ordena que el demandante recobre de dicho demandado la suma que le había satisfecho de acuerdo con el contrato, tal pronunciamiento, aunque puede considerarse que nominalmente es una sentencia para la rescisión del contrato es en realidad por daños y perjuicios.

PRUEBA—APELACIÓN.—Cuando el demandante llama al demandado como testigo y éste contradice rotundamente a dicho demandante, la apreciación de la corte sentenciadora al resolver el conflicto de prueba no será modificada en apelación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. C. Coll Cuchí y G. Cruzado Silva.*

Abogados del apelado: *Sres. Huyke y Quiñones.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En la vista argumentó el apelante que debía ser revo-

cada la sentencia porque aún cuando en la demanda se trataba de recobrar daños y perjuicios por incumplimiento del contrato, la sentencia de la corte inferior rescindía el contrato y devolvía al demandante los $500 que pagó. Esto no parece haberse alegado como error ni fué una cuestión levantada en la corte inferior y por tanto en realidad no debemos considerarla. Sin embargo, cuando se viola un contrato por virtud del cual un demandante ha pagado $500, la sentencia de la corte inferior al concederle $500, aunque nominalmente como se declara en la opinión es una rescisión y devolución de la suma de $500, en realidad es por daños y perjuicios. De todos modos, a falta de otro error, se hizo justicia sustancial y el caso cae dentro del principio del artículo 142 del Código de Enjuiciamiento Civil el cual es como sigue:

"Artículo 142.—En cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto."

La única cuestión alegada es que la corte cometió error al no considerar obligado al demandante por la manifestación de su propio testigo, el demandado, al ser llamado como tal testigo por el demandante. Esto está tan claramente comprendido en el artículo 156 de la Ley de Evidencia que no necesita aclaración. Dicho artículo es como sigue:

"Artículo 156.—La parte que presentare un testigo no le será permitido tachar su veracidad mediante evidencia de mala reputación; pero podrá contradecirle con otra evidencia, y asimismo probar que en otras ocasiones hubo de hacer declaraciones incompatibles con su actual testimonio, según lo dispuesto en el artículo ciento cincuenta y nueve."

El demandante declaró tendente a demostrar que compró una tienda al demandado con el fin de adquirir el maderamen de la misma y que el demandado nunca le dió posesión de

la casa. Llamado el demandado por el demandante contradijo rotundamente a este último. Esto produjo un conflicto en la prueba que la corte resolvió a favor del demandante y no encontramos razón alguna para intervenir con la decisión de la corte inferior.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.